O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

Case No. SACV 12-00519-DOC                                   Date: November 20, 2012
Bankr. Case No. 11-27648-ES

Title: <u>IN RE JOANNA KELLEY</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                         <u>    N/A    </u>
Courtroom Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDING: (IN CHAMBERS):   ORDER AFFIRMING THE BANKRUPTCY COURT'S DENIAL OF RELIEF FROM STAY FOR THE PURPOSE OF OFFSETTING ATTORNEY'S FEES AND COSTS**

Before the Court is Appellant-Creditor Erik Aaron's appeal from the United States Bankruptcy Court for the Central District of California's order denying relief from an automatic stay for the purpose of offsetting attorney's fees and costs. The order was entered on March 26, 2012, the Honorable Erithe A. Smith presiding. After reviewing the record, the Court AFFIRMS.[1]

**I.      Background**

Appellant-Creditor Erik Aaron ("Creditor") entered into a contract with Appellee-Debtor Joanna Kelley ("Debtor") to purchase the property located at 27732 Emerald, Unit 15, Mission Viejo, CA ("the property"). Appellant Br. (Dkt. 13) at 1. Debtor had purchased the property on May 6, 2009, prior to her marriage to Richard Kelley. Appellee Br. (Dkt. 15) at 2. Subsequent to signing the contract for sale, Debtor chose not to sell the property, and Creditor brought an action in the Superior Court seeking specific performance on June 17, 2010. Appellant Br. (Dkt. 13) at 2.

---
[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOC                                      Date: November 20, 2012
Bankr. Case No. 11-27648-ES                                         Page 2

### a. Judgment Granting Specific Performance

On October 13, 2011, the Superior Court of California entered an order granting Creditor specific performance. Appellant Br. (Dkt. 13) at 2. The judgment was recorded on October 26, 2011. *Id.* On the same day as the recording of the judgment, the Creditor filed two motions with the Superior Court: (1) Motion for Incidental Costs and (2) Motion for Award of Attorney's Fees. *Id.* On December 9, 2011, Creditor was awarded incidental costs of $9,600 ("incidental fees award") and attorney's fees in the amount of $53,116.54 ("attorney's fees award"). *Id.* Debtor filed a Notice of Appeal regarding the attorney's fees award. *Id.* The appeal was resolved on September 6, 2012; the Court of Appeal affirmed the attorney's fees award. Appellant Req. for Judicial Notice (Dkt. 17) at 8.

### b. Bankruptcy Filing

On December 28, 2011, Debtor filed a petition for bankruptcy under Chapter 7. Appellant Br. (Dkt. 13) at 2. Because the Debtor commenced the bankruptcy proceeding, Creditor was required to file a Motion for Relief from Stay to enforce the judgment and the fee awards against Debtor. *Id.* at 2.

### c. Order Granting Relief from Stay

On March 26, 2012, the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") entered an order granting in part and denying in part Appellant's Motion for Relief from Stay to enforce the judgment against Debtor. Appellant Br. (Dkt. 13) at 1. The Bankruptcy Court granted relief from stay for the purpose of allowing the sale of the property and allowing the incidental fees award to be deducted, or "set off", from the property sale price. *Id.* The Bankruptcy Court, however, denied enforcement of the attorney's fees award and did not allow the attorney's fees to be deducted from the sale price of the property. *Id.* The denial of the attorney's fees deduction is the subject of this appeal.

Creditor filed the present appeal on April 5, 2012. Appellant Br. (Dkt. 13) at 1. On April 19, 2012, the Debtor's debts were discharged. Appellee Br. (Dkt. 15) at 4. On April 27, 2012, escrow closed on the sale of the property. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOC                                     Date: November 20, 2012
Bankr. Case No. 11-27648-ES                                    Page 3

## II. Jurisdiction

The district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1).

## III. Legal Standard

A district court reviews the bankruptcy court's decisions using the same standard that a court of appeals would use to review a judgment of a district court in general civil matters. 28 U.S.C. § 158(c)(2). As such, this Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and its conclusions of law *de novo*. *In re Jastrem*, 253 F.3d 438, 440 (9th Cir. 2001). The district court reviews the bankruptcy court's exercise of equitable powers for abuse of discretion, and will not reverse such an exercise of equitable powers unless it is based on an error of law or if the record contains no evidence to rationally support the decision. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996).

Whether the bankruptcy judge correctly disallowed the setoff is a question of equity and is reviewed for abuse of discretion. *In re Hal, Inc.*, 122 F.3d 851, 854 (9th Cir. 1997).

## IV. Discussion

The Creditor identifies three issues on appeal: (1) whether a debtor who voluntarily enters into a prepetition sale of a property, but whose sale is later enforced by a specific performance judgment, may use the homestead exemption to avoid liability for attorney's fees and costs; (2) whether attorney's fees and costs granted as part of a judgment of specific performance to enforce the sale of a real property should be considered incidental and enforceable as a matter of right; and (3) whether the Bankruptcy Court should have permitted the Creditor to deduct or set off attorney's fees and costs from the sale proceeds claimed as exempt. Appellant Br. (Dkt. 13) at 1-2.

The Court finds that granting or denying relief from stay for the purpose of allowing a setoff is discretionary. *In re Hal, Inc.*, 122 F.3d 851, 854 (9th Cir. 1997). The Court also finds that the Bankruptcy Court's decision was not an abuse of discretion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOC                                  Date: November 20, 2012
Bankr. Case No. 11-27648-ES                                   Page 4

because it is in line with strong public policies intended to protect the homestead and the rehabilitation of the debtor.

### a. Bankruptcy Court did not abuse its discretion in denying relief from the automatic stay for the purpose of allowing a setoff of attorney's fees

#### i. Legal Standard

Pursuant to Section 553 of the Bankruptcy Code, except to the extent the claim is disallowed, bankruptcy law does not interfere with a creditor's right to offset a mutual debt. 11 U.S.C. § 553. A mutual debt is one which the creditor owed the debtor before the commencement of the bankruptcy case, and the creditor's claim against the debtor arose before the commencement of the bankruptcy case. 11 U.S.C. § 553.

"The Bankruptcy Code does not create a right to setoff; it merely preserves the right already given in a nonbankruptcy context." *In re Hal, Inc.*, 122 F.3d at 852 (citing *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995)). "If a party is generally entitled to setoff in the nonbankruptcy context, it is entitled to one under the Bankruptcy Code." *Id.* California law has recognized the equitable principle of setoff. Cal. Civ. Proc. Code § 431.70; *Birman v. Loeb*, 64 Cal. App. 4th 502 (1998) (citations omitted) ("The Supreme Court [of California] has also held: '[I]t is well settled that a court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered.'").

However, "[t]he decision to award setoff rests squarely within the discretion of the Bankruptcy Court." *In re Hal, Inc.*, 122 F.3d 851, 854 (9th Cir. 1997). Section 553 is permissive, not mandatory. *In re Cascade Roads, Inc.*, 34 F.3d 756, 763 (9th Cir. 1994).

> Indeed, "[m]erely because statutory law creates a right of setoff, a bankruptcy court need not automatically enforce the right . . . . *[E]ven if setoff is authorized [by statute], it is within the bankruptcy judge's discretion, to be exercised within the principles of equity.*"

*Id.* at 764 (emphasis in original) (citations omitted). *See also In re Hal, Inc.*, 122 F.3d at 854 (internal quotations omitted) ("We have held that setoff will not be permitted when it would be inequitable or contrary to public policy to do so.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOCDate: November 20, 2012
Bankr. Case No. 11-27648-ESPage 5

In order to assert the right to setoff or pursue satisfaction of his or her claim, a creditor must seek relief from the automatic stay. 11 U.S.C. § 362(d)(1).

### ii. There is a Ninth Circuit precedent of bankruptcy courts denying setoff

In *In re Cascade Roads, Inc.*, the Ninth Circuit set forth several examples of cases where a creditor had a right to a setoff, but the bankruptcy court did not allow the creditor to exercise his rights. *See* 34 F.3d 756, 765-66 (9th Cir. 1994) (citing *In re Lakeside Cmty Hosp., Inc.*, 151 B.R. 887, 894 (N.D. Ill. 1993) (denying a setoff even when there was a state statute that allowed for the claims to be set off, but where the court found there was a lack of mutuality in the claims and, even if there had been mutuality, "[a]llowing setoff would not serve the goals of the Bankruptcy Court nor the principles of equity"); *In re Lincoln*, 144 B.R. 498, 502 (Bankr. D. Mont. 1992) (denying a setoff authorized by statute and forcing the government to pay the bankruptcy estate's claim because "the equities require denial"); *In re Hazelton*, 85 B.R. 400 (Bankr. E.D. Mich. 1988), *rev'd on other grounds by* 96 B.R. 111 (E.D. Mich. 1988) (denying a setoff when the court inferred that the creditor sought a setoff in response to debtor's decision to file a bankruptcy petition and because "allowing the setoff is inconsistent with the purposes of chapter 12 and rehabilitation of American farmers"); *Internal Revenue Service v. Norton*, 717 F.2d 767, 773 (3rd Cir. 1983) (requiring the IRS to refund debtors the amount it had set off against debtors' tax liabilities and stating that "[e]ven creditors whose claims are secured under the [Bankruptcy] Code must submit to the risk inherent in judicial supervision of the rights they normally would have to enforce their claims against the property of the debtor")).
In *In re Cascade*, the Ninth Circuit held that the bankruptcy court "retained equitable authority to deny a setoff." *In re Cascade Roads, Inc.*, 34 F.3d at 766, 769.

Thus, a precedent has been set for denying a creditor's right to a setoff when the bankruptcy court determines that equity or public policy justifies the denial.

### iii. California law and public policy favor protecting a debtor's homestead from creditors

The Bankruptcy Court denied Creditor a setoff including attorney's fees because such a setoff would interfere with Debtor's homestead exemption. Excerpts of Record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOC                                Date: November 20, 2012
Bankr. Case No. 11-27648-ES                                Page 6

(Dkt. 14) at 253. The Court finds the Bankruptcy Court did not abuse its discretion when partially denying relief from stay because there is a strong public policy of protecting the value of the homestead.

"In bankruptcy actions, the federal courts decide the merits of state exemptions, but the validity of the claimed state exemption is controlled by the applicable state law." *In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987). Pursuant to California Civil Procedure Code 703.130, California has opted out of the exemptions afforded to debtors under 11 U.S.C. 522(d) and instead offers its own exemptions.[2] "When the California legislature opted-out of the federal exemption scheme in 1984, it clearly intended to grant bankruptcy debtors all of the exemptions afforded to judgment debtors, including the homestead exemption, in their entirety and without limitation." *In re Pladson*, 35 F.3d 462, 465 (9th Cir. 1994).

California has established a strong public policy in favor of broad homestead protections:

> The homestead exemption ensures that insolvent debtors and their families are not rendered homeless by virtue of an involuntary sale of the residential property they occupy. Thus, the homestead law is not designed to protect creditors, but protects the home against creditors of the declarant, thereby preserving the home for the family. This strong public policy requires courts to adopt a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor.

*Amin v. Khazindar*, 112 Cal. App. 4th 582, 588 (2003). "Because many California debtors failed to file homestead exemptions, the legislature in 1974 enacted legislation which created an 'automatic' homestead exemption." *Id.* at 588.

Creditor argues that because Debtor's home was originally contracted to be sold voluntarily, and not in a forced sale, the homestead exemption does not apply as a matter of law. Appellant Br. (Dkt. 13) at 4. However, the Ninth Circuit reversed a district court decision which had denied a debtor couple their homestead exemption because the home

---

[2] "Pursuant to the authority of paragraph (2) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state." Cal. Civ. Proc. Code § 703.130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOC　　　　　　　　　　　　　Date: November 20, 2012
Bankr. Case No. 11-27648-ES　　　　　　　　　　　　　Page 7

was not sold in order to satisfy a money judgment as required by California Civil Code § 704.720. *In re Pladson*, 35 F.3d at 465. The court in *In re Pladson* stated the district court "failed to give proper effect to the broad language of Section 703.140(a)" and "failed as well to observe the well-established principle articulated by the California appellate courts that California homestead exemption statutes should be broadly and liberally construed." *Id; see also* Cal. Civ. Proc. Code § 703.140 ("In a [bankruptcy case], all of the exemptions provided by this chapter, *including the homestead exemption . . .* are applicable *regardless* of whether there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale or any other procedure.") (emphasis added).

　　　　The Bankruptcy Appellate Panel has also held that a bankruptcy debtor is entitled to the "rights, benefits and protections of [California's] automatic homestead provisions" because "[t]he California legislature and Congress had the same policy in mind, in creating or authorizing exemptions, so that judgment creditors or a bankruptcy trustee cannot take all property belonging to a judgment debtor to satisfy creditors' claims." *In re Pike*, 243 B.R. 66, 70 (B.A.P. 9th Cir. 1999).

　　　　Thus, "California law and the Bankruptcy Code ensure that the state exemptions are available to debtors in bankruptcy cases regardless of whether a non-money judgment sale occurs." *Id; see also In re Reaves*, 285 F.3d 1152, 1156 (9th Cir. 2002) (citations omitted) ("[T]he purpose of the exemption statutes . . . is to 'sav[e] debtors and their families from want by reason of misfortune or improvidence.'"). "Without this protection, an underclass of perpetually impoverished citizens would be created, a result harmful to those individuals as well as the community at large." *In re Pike*, 243 B.R. at 70-71(citations omitted); *In re Ter Bush*, 273 B.R. 625, 629 (Bankr. S.D. Cal. 2002) (citations omitted) (denying the setoff of attorney's fees from the price of debtors' property sold under a specific performance order "in order to carry out state policies protecting the interest of the debtor" even when the property was not sold to satisfy judgment creditors). *But see In re Glaze*, 169 B.R. 956, 967 (Bankr. D. Arizona 1994) (allowing the setoff of attorney's fees from the purchase price of debtors' property when the property was sold under a specific performance order and the debtors were moving out of state because the court found it was a voluntary sale and it was the equitable outcome.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00519-DOC                              Date: November 20, 2012
Bankr. Case No. 11-27648-ES                             Page 8

Because of California's strong public policy of protecting the homestead, even if the sale of Debtor's home was not to satisfy a judgment creditor, Debtor was still entitled to protection. The Court finds that although both *In re Ter Bush* and *In re Glaze* present the analogous scenario of a Chapter 7 debtor whose home has been sold pursuant to a specific performance order, *In re Ter Bush* is more persuasive as it is a more recent case, applying California law, where the deciding court had incentive to protect one of its own residents. Thus, the Bankruptcy Court did not abuse its discretion in denying the setoff of the attorney's fees judgment from the sale price of Debtor's property.

### iv. The Bankruptcy Court did not deny Creditors request in its entirety

Further evidence that the Bankruptcy Court did not abuse its discretion is the fact that relief from stay was partially granted in order to allow the sale of the property and to allow a setoff of the incidental fees award. The fact that Creditor's motion for a setoff of his fees awards from the property purchase price was not denied in its entirety is evidence that the Bankruptcy Court considered his position as well as the Debtor's and reached a compromise that balanced the equities.

For the foregoing reasons, the Court determines that the Bankruptcy Court did not abuse its discretion in denying Creditor's request for relief from the automatic stay to enforce a judgment for attorney's fees. Thus, the Bankruptcy Court order is AFFIRMED.

### b. Debtor's request for sanctions in Debtor's Brief is inappropriate

The Court finds that the request in Debtor's Brief to "make an example" out of Creditor's counsel by sanctioning his actions under Federal Rule of Bankruptcy Procedure 9011 should be denied. Appellee Br. (Dkt. 15) at 14-16. Although Debtor's counsel raises Rule 9011, he has failed to comply with the rule which he seeks to invoke. In relevant part, Rule 9011 states that "[a] motion for sanctions must be made separately from any other motion," which mirrors the language of Rule 11 of Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9011(c)(1)(A); Fed. R. Civ. P. 11(c)(2). Furthermore, this Court stated in a recent decision that moving for sanctions without abiding by the procedures of Rule 11 could expose the moving party to sanctions. *See Yuckming Chiu v. Citrix Sys., Inc.*, SA CV 11-1121 DOC, 2011 WL 6018278 (C.D. Cal. Nov. 23, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-00519-DOC | Date: November 20, 2012 |
| Bankr. Case No. 11-27648-ES | Page 9 |

Because it is inappropriate to raise a motion for sanctions in the Debtor's Brief, the motion for sanctions is DENIED.

### IV.  Disposition

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's order denying Creditor attorney's fees and costs.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                        Initials of Deputy Clerk: jcb